NOT DESIGNATED FOR PUBLICATION

No. 122,283

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM LARRY JOHNSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; DANIEL CAHILL, judge. Opinion filed September 4, 2020. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h).

Before GREEN, P.J., ATCHESON and BRUNS, JJ.

PER CURIAM: William Larry Johnson appeals following the district court's revocation of his probation and imposition of his underlying sentence. We granted Johnson's motion for summary disposition in lieu of the filing of briefs pursuant to Kansas Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). On appeal, Johnson does not challenge the revocation of his probation. Rather, he challenges the district court's imposition of his underlying sentence after his probation was revoked. Specifically, he argues that the district court should have reinstated his probation because he had taken steps to improve his behavior while on probation. Under the circumstances presented, we find that the district court did not abuse its discretion in requiring Johnson to serve his underlying sentence in this case. Thus, we affirm the district court's decision.

1

On September 5, 2017, in Wyandotte County case No. 17 CR385, Johnson pleaded guilty to criminal possession of a firearm by a convicted felon. On October 13, 2017, the district court sentenced him to 21 month in prison and 12 months of postrelease supervision. However, consistent with a plea agreement between Johnson and the State, the district court granted him a downward dispositional departure to 18 months of probation.

On August 24, 2018, Johnson admitted that he had violated the terms of his probation by failing to report to his Kansas probation officer. As a result, the district court ordered a three-day jail sanction. Thereafter, on November 25, 2019, Johnson stipulated at a probation revocation hearing that he had been convicted in Missouri of the new crimes of unlawful possession of a firearm and interference with law enforcement. As a result, the district court found Johnson to be in violation of the terms of his probation and remanded him to the custody of the Kansas Department of Corrections to serve his underlying sentence.

In imposing Johnson's underlying sentence, the district court found that incarceration was appropriate because he had committed new crimes and had shown that he was unable to fulfill the terms of his probation. Specifically, the district court concluded:

> "Alright, thank you, Mr. Johnson. I have to tell you, there's nothing that really pleases me about this case. It looks like you were sentenced in October of 2017 and bench warranted by December of that year. Now, I know that the—before going over to get a bench warrant from a judge, Community Corrections makes numerous attempts to try and get probationers to start working, so it tells me that pretty much directly after getting sentenced you stopped doing your probation, and then after the bench warrant was issued you were loose for nine months until you were arrested in August of that year.

"By the time you saw a judge he gave you three days and let you back out, and it looks like almost immediately upon being released at that time you were found with a firearm. I just—look, if you had not availed yourself of treatment and you went out and used and got caught with drugs right after that, I might have some sympathy that, you know, that this was just untreated substance abuse issue and that you needed to do this, but what you—the original charge being that of having a firearm and then turning around and having a firearm within a couple of days of being let out of—for violating your probation, to me this goes further than a drug issue. It's a public safety issue.

"I don't know what your predilection for these weapons are, but there isn't anything to me more dangerous, more out of compliance, more unwilling to comply than not only having a firearm to begin with as a felon, but then to immediately go out again, and I am certain that at your sentencing at the first time you were convicted of your felony that you told the judge that you're turning it around and then you got caught with a firearm, and I'm sure that you told the judge at that sentencing that you were turning it around, and then when you get probation again on having a gun you immediately get picked up with another gun.

"We're not just talking about substance abuse, here. We're talking about somebody who is an active danger. I would love to do nothing than to say I believe everything you have to tell me and that you're going to be straight and narrow, but I don't know that I'm in a position to expose this community to the happenstance that maybe this time when you get out of jail that you won't immediately go out and get another gun. Track record says you will, so it's a new felony conviction while you were on supervision and the track record—well, I won't say on supervision—while you were supposed to be on supervision is completely atrocious, so I wish—I'm not saying I don't believe you, I'm just saying that given the track record here all I can do is assume that when you got out again, drugs and weapons are in the future, so I—it doesn't make me happy.

"Like I said, nothing about this case pleases me, but I can't risk—give that risk to the community that you won't be arming yourself again quickly after getting out of jail, so probation will be revoked, the defendant will be ordered to serve his time."

3

Johnson filed a timely notice of appeal and we subsequently granted his request for summary disposition.

ANALYSIS

On appeal, Johnson contends that the district court abused its discretion by requiring him to serve his underlying sentence after his probation was revoked. A district court abuses its discretion only if (1) no reasonable person would take the view adopted by the district court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016). The party asserting the district court abused its discretion—in this case Johnson—bears the burden of showing such abuse of discretion. *State v. Smith-Parker*, 301 Kan. 132, 161, 340 P.3d 485 (2014).

Unless otherwise required by law, probation is granted as a privilege and not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Based on the severity level of Johnson's offense and his criminal history score, he was originally facing a presumptive prison sentence in this case. See K.S.A. 2019 Supp. 21-6804 (sentencing grid for nondrug crimes). However, the district court showed him mercy and granted him probation.

Based on our review of the record on appeal, we conclude that the district court did not abuse its discretion in requiring Johnson to serve his underlying sentence. In particular, the record reflects that Johnson was given multiple opportunities to change the direction of his life. Instead, he continued to commit new crimes while on probation. Under these circumstances, we find that the district court was well within its discretion to impose Johnson's underlying sentences. See K.S.A. 2019 Supp. 22-3716(c)(7)(C); see *State v. Skolaut*, 286 Kan. 219, 227-29, 182 P.3d 1231 (2008).

4

Although Johnson contends that he had taken positive steps to improve his life while on probation, he stipulated to violating the terms of his probation on two occasions. Furthermore, the district court had already imposed the statutory intermediate sanctions in this case. Instead of taking advantage of the opportunities that he was graciously given by the district court, Johnson continued to violate the terms of probation including the commission of new crimes.

In summary, we find the district court's decision to require Johnson to serve his underlying sentence to be reasonable under the circumstances presented in this case. Likewise, we do not find that the district court made an error of law or fact. Accordingly, we conclude that the district court did not abuse its discretion and we affirm its decision.

Affirmed.